IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAYLA McLEOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:16-cv-02286 |
| v. ) | |
| ) | Judge Trauger/Brown |
| AMERICAN BAPTIST THEOLOGICAL ) | Jury Demanded |
| SEMINARY, *doing business as* American ) | |
| Baptist College, ) | |
| ) | |
| Defendant. ) | |

TO: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

For the reason states below, the Magistrate Judge recommends this case be dismissed without prejudice for failure to obtain service of process and to prosecute the case.

### I. Background

The Plaintiff with the assistance of an attorney, Andy Allman, filed a complaint against American Baptist Theological Seminary (ABTS) on August 26, 2016 (DE 1) and paid the filing fee. The docket sheet reflects summons were issued for ABTS on August 29, 2016 (DE 4). Unfortunately, it appears the summons were never served, and Mr. Allman was subsequently suspended from practice of law effective October 9, 2016. The Plaintiff was given until December 9, 2016 to obtain new counsel (DE 5). The Clerk sent a notice of Mr. Allman's suspension from the practice of law on February 2, 2017 and advised her of attorneys that might be willing to consider handling this type of case. There is no indication this notice from the Clerk which was sent by both regular certified mail was returned. The next action in the case occurred on June 13,

2019 when the matter was referred to me for a scheduling order and a decision on all nondispositive motions and a Report and Recommendation on dispositive matters by Judge Trauger (DE 6). Subsequently I issued an order notifying the Plaintiff that service had not been accomplished and she was given until July 1, 2019 to show cause why I should not recommend the case be dismissed without prejudice. It appears the certified mail sent to the Plaintiff on June 17, 2019 was returned on June 25, 2019 as "not deliverable as addressed – unable to forward" (DE 10).

As of the date of this Report and Recommendation, the Plaintiff has filed nothing in this matter.

## II. Legal Discussion

Under Fed. R. Civ. P. 4(m) summons must be served within ninety (90) days after the complaint is filed or the Court on motion of its own after notice to the Plaintiff must dismiss the action without prejudice against the Defendant or order that service be made within a specific time. If the Plaintiff can show good cause for the failure the Court must extend the time for service for an appropriate period. In this case, the Plaintiff was given notice in the Court's order of June 14, 2019 (DE 7) that service had not been accomplished and she was given until July 1, 2019 to show cause why I should not recommend the case be dismissed without prejudice for failure to obtain service. Unfortunately, it appears the Plaintiff has not kept a current address on file with the Court and mail sent to her has been returned. The District Judge gave the plaintiff a specific instruction and her order (DE 5) of what the Plaintiff needed to do by December 9, 2016 and the Clerk sent the Plaintiff a letter concerning the suspension of Mr. Allman from the practice of Law, a copy of the docket sheet, the recent orders of the Court and the Order Appointing a Receiver and the Receiver's list of attorneys willing to consider the Plaintiff's type of case for representation. This

material was sent by both regular and certified mail and there was no indication the mail was returned to the Court.

Under these circumstances, the Plaintiff was given fair notice of the suspension of Mr. Allman and her need to take some action. The record is clear the Plaintiff did not take action by December 9, 2016 and has apparently since changed address without notification to the Court. Service of Process has never been accomplished and the Plaintiff has failed to justify such failure to serve or to request additional time.

While the Court is certainly sympathetic to the Plaintiff's difficulties in hiring Mr. Allman to prosecute her case, the fact remains the Plaintiff has taken no action since his suspension and subsequent disbarment by either securing other counsel or prosecuting her case *pro se*. As Judge Campbell noted in the case of Smith v. Correction Corp. of America, Middle District of Tennessee, case no. 3:14-mc-00652, (DE 7) filed June 2, 2014 "an action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with Court's orders or engages in a clear pattern of delay." Gibbons vs. Asset Acceptance Corporation, 2006 Westlaw 3452521 at *1(SD Ohio November 29, 2006); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "District Courts have the inherent power to sua sponte dismiss an action for want of prosecution 'to manager their own affairs so as to achieve the orderly and expeditious disposition of cases'". Link v. Wabash Railroad, 370 U.S. 626, 630-631 (1962).

Clearly in this case the Defendant who has never been served would be prejudiced by now instituting a case that was filed almost three (3) years ago.

/ / /

/ / /

/ / /

### III. Recommendation

For the reasons state above, the Magistrate Judge recommends this case be dismissed without prejudice[1].

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,

/S/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge

---

[1] Although the dismissal would be without prejudice, the statute of limitations would in all likelihood bar any refiling of the complaint.